NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1692
_____

BEKIR SAHIN,
                              Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-707-590)
Immigration Judge: Honorable Annie S. Garcy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 10, 2017

Before: HARDIMAN, SHWARTZ, and ROTH, *Circuit Judges*.

(Opinion Filed: November 30, 2017)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Bekir Sahin petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons that follow, we will deny his petition in part and dismiss in part.

I

A native of Turkey, Sahin married a U.S. citizen in 2002 and became a conditional permanent resident a year later. Just four months into the marriage, Sahin's wife suffered a miscarriage, and she later filed for an annulment, alleging that Sahin's "intention with respect to the marriage was fraudulent" because he "entered the marriage solely for purposes of attaining immigration benefits." App. 154. In April 2004, the New Jersey Superior Court annulled the marriage.

In 2006, the Department of Homeland Security (DHS) terminated Sahin's status as a conditional resident. Sahin then sought to remove the conditions on his lawful permanent resident status under 8 U.S.C. § 1186a(c)(4)(B). Because he was no longer married, however, Sahin had to seek a waiver of the requirement that he file a joint petition with his spouse. And that waiver could be granted only if Sahin demonstrated that his marriage had been in "good faith." *See id.* DHS denied this good faith waiver request, so Sahin proceeded before an Immigration Judge (IJ). After several delays

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

between 2010 and 2015, the IJ held a hearing and denied Sahin's good faith waiver request. In doing so, the IJ relied on the finding of the New Jersey Superior Court that Sahin's marriage was a sham (i.e., entered into only for immigration reasons) to hold that Sahin failed to carry his burden. The BIA affirmed, finding "no clear error in [the IJ's] conclusion that [Sahin]'s intent, at the time of the marriage, was for an immigration benefit and not to create a life together." App. 5.

Sahin timely appealed.

## II[1]

Under 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review discretionary denials of relief like the good faith waiver Sahin requested. *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 161 (3d Cir. 2004). Recognizing this limitation, Sahin advances two arguments he claims to be legal or constitutional such that we may exercise jurisdiction under 8 U.S.C. § 1252(a)(2)(D). Specifically, Sahin argues that his due process rights were violated and that the agency assigned him the wrong burden of proof. As we shall explain, the first claim fails on the merits and we lack jurisdiction over the second claim.

---

[1] The IJ had authority to consider the good faith waiver as a matter of discretion under 8 U.S.C. § 1186a(c)(4)(B) and the BIA had appellate jurisdiction under 8 C.F.R. § 1003.1(b)(3). We generally review the BIA's opinion as a final agency decision, but where, as here, the BIA "invokes specific aspects of the IJ's analysis and fact-finding," we review both decisions. *Green v. Att'y Gen.*, 694 F.3d 503, 506 (3d Cir. 2012) (citation omitted).

## A

Sahin claims that delays in his case deprived him of due process because his ex-wife "was no longer willing and able" to testify on his behalf and because other friends and potential witnesses have grown more distant. Sahin Br. 24. We are unpersuaded.

After Sahin exhausted his pursuit of a waiver with the DHS in 2009, his case proceeded before the IJ. Sahin's master calendar hearing was scheduled for February 9, 2010, but that hearing was adjourned at the request of Sahin's counsel, who needed time to prepare. At the rescheduled master calendar hearing, a date was set for the merits hearing in 2011. Sahin's attorney later filed a motion to continue, requesting that the 2011 merits hearing "be continued due to the unavailability of [Sahin's] ex-wife." App. 139. In response to this motion to continue, the IJ scheduled a master calendar hearing for October 19, 2011, but the IJ missed the hearing when another matter ran late. At the rescheduled master calendar hearing in February 2012, the IJ rescheduled the merits hearing for April 2013 to permit Sahin's ex-wife to testify. But that hearing was postponed because a Turkish interpreter was not available. The IJ then rescheduled the May 2014 hearing due to a family funeral. Sahin's merits hearing was finally conducted on October 9, 2015. Since Sahin requested two of the five major continuances, he cannot credibly complain that those delays denied him due process.

As for the other three delays, they did not prejudice Sahin. *See Delgado-Sobalvarro v. Att'y Gen.*, 625 F.3d 782, 787–88 (3d Cir. 2010). The BIA rightly noted that nothing prevented Sahin from subpoenaing his ex-wife or any other friend or family

4

member to testify at his 2015 hearing. Sahin argues that he suffered prejudice because his ex-wife initially was willing to testify, but later declined to do so. Nevertheless, the IJ still had access to an affidavit from Sahin's ex-wife explaining that she "believed at the time of [their] marriage that [they] loved one another and hoped [their] marriage would endure." App. 149. The IJ expressed skepticism about Sahin's statement that his ex-wife no longer wished to testify because "she did not want to be reminded of the past any longer." App. 12. But even had the IJ found that statement credible, Sahin's ex-wife's intentions upon entering the marriage shed no light on whether Sahin married her to establish a life or to obtain an immigration benefit.

As the IJ noted, Sahin presented only his testimony to rebut the findings of the New Jersey Superior Court. And because Sahin has not demonstrated that the delays in his hearing prevented him from presenting other relevant evidence, those delays did not deny him due process of law.

Sahin also argues that the IJ violated due process by demonstrating bias against him based on his religion, but he fails to point to any instance of bias in the record. Before the BIA and this Court, Sahin alleged insensitivity to his religiously motivated views on artificial insemination (something he claims was a point of contention with his ex-wife). But the IJ did not dismiss the validity of those objections; she merely noted that Sahin testified inconsistently in this regard. During his state court proceeding, Sahin expressed total opposition to the procedure, but in his immigration proceedings he

5

testified he was willing to pursue it. The IJ's focus on these inconsistencies was neither erroneous nor biased.[2]

B

We turn now to Sahin's burden of proof argument. Sahin did not argue to the BIA that the IJ failed to apply the preponderance of the evidence standard. Accordingly, we lack jurisdiction over this unexhausted claim. *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012) (citing 8 U.S.C. § 1252(d)(1)). And the claim would have been without merit in any event. Both the IJ and BIA clearly noted that Sahin was required to demonstrate good faith by a preponderance of the evidence, and Sahin's real objection here relates to how the IJ weighed the evidence under that standard—an objection over which we also lack jurisdiction. *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007).

\* \* \*

For the reasons stated, we will deny Sahin's petition for review in part and dismiss it in part.

---

[2] Sahin also argues for the first time on appeal that the IJ was biased against him because of his weak command of English. We lack jurisdiction over that argument because it was not presented to the BIA. *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012).